UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATAWNYA COWAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. DEPT. OF HEALTH AND HUMAN SERVICES D/B/A SAN DIEGO COUNTY HEALTH & HUMAN SERVICES, et al.,<br><br>　　　　Defendants. | Case No. 2:25-cv-01170-DAD-CSK<br><br>ORDER TRANSFERRING CASE |

Plaintiff Latawnya Cowan is proceeding in this action pro se.[1] For the reasons outlined below, the Court will transfer this action to the United States District Court for the Southern District of California for the convenience of the parties and in the interest of justice.

**I.　VENUE**

The general federal venue statute, 28 U.S.C. § 1391(b), provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c). An order addressing venue transfer does not address the merits of the case and is a non-dispositive matter that falls within the scope of a magistrate judge's jurisdiction under 28 U.S.C. § 636(b)(1)(A). *See Ames v. Wells Fargo Bank, N.A.*, 2023 WL 7392026, at *2 (N.D. Cal. Oct. 27, 2023), *reconsideration denied*, 2023 WL 7434359 (N.D. Cal. Oct. 31, 2023).

defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, a court may transfer an action to another district under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice." A court may raise and decide the issue of venue sua sponte. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

## II.     DISCUSSION

Plaintiff, a resident of Missouri, brings this action against Defendants U.S. Dept. of Health & Human Services d/b/a San Diego County Health & Human Services, County of San Diego, San Diego Health & Human Services Director Kimberly Giardina, and Social Worker Julia Ramzi. Compl. at 2-4 (ECF No. 1). Defendant Julia Ramzi appears to be employed at San Diego Health & Human Services as her address listed is the same as Defendants Kimberly Giardina and the County of San Diego. *Compare* Compl. at 3-4, *with* Compl. at 3. In her Complaint, Plaintiff alleges she was deprived of her "parental rights, food, clothing, housing, [and] medical treatment" and has been discriminated against based on her disability. *Id*. at 5-6. Plaintiff alleges various federal and state law violations against Defendants for incidents that took place in San Diego at "1600 Pacific Hwy San Diego, CA", and in Sacramento at "744 P. St. Sacramento, CA". *Id*. at 5. Although the Complaint states that the incidents took place in San Diego and Sacramento, *see* Compl. at 5, Plaintiff's allegations are bare, and it's unclear whether there is any connection to Sacramento or the Eastern District of California. *See generally* Compl. On the contrary, three of four defendants are located in San Diego and the only

defendant identified as located in Sacramento is also connected to San Diego ("U.S. Dept. of Health & Human Services d/b/a San Diego County Health & Human Services), *see* Compl. at 2-4, suggesting that in addition to Defendants, witnesses and information related to this case are also located in San Diego.

Though it is unclear whether venue is proper in the Eastern District of California, even if venue is proper, the Court transfers this action to the Southern District of California for the convenience of the parties and in the interests of justice. *See* 28 U.S.C. §§ 1404(a), 1406(a). Plaintiff is a resident of Missouri, and at least three of four defendants are located in San Diego, and the fourth defendant is connected to San Diego. In transferring this action to the United States District Court for the Southern District of California, this Court is not expressing any opinion regarding the merits of Plaintiff's claims and Plaintiff's pending motion to proceed in forma pauperis. Parties are instructed to direct any further filings or inquiries related to this case to the United States District Court for the Southern District of California. Further documents filed in the Eastern District of California related to this case will be disregarded.

## III.  CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. This action, including Plaintiff's pending motion to proceed in forma pauperis (ECF No. 2), is TRANSFERRED to the United States District Court for the Southern District of California; and

2. The Clerk of the Court is directed to CLOSE this action.

Dated:  08/12/25

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, cowa1170.25

3