# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATAWNYA COWAN,<br><br>                       Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES, *et al.*,<br><br>                       Defendants. | Case No. 25-cv-2100-BAS-BJW<br><br>**ORDER:**<br>  **(1) GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 2); AND**<br><br>  **(2) DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UNDER 28 U.S.C. § 1915 (ECF No. 1)** |

1   Plaintiff Latawnya Cowan is proceeding pro se, without an attorney. She filed a complaint on April 22, 2025, against federal and state entities as well as named individuals. (ECF No. 1.) Plaintiff seeks damages and requests a jury trial. (*Id.*)

Plaintiff filed a motion seeking leave to proceed in forma pauperis ("IFP")—without prepaying court fees or costs. (ECF No. 2.) Plaintiff originally filed her complaint and IFP motion in the United States District Court for the Eastern District of California using a non-prisoner form complaint. (ECF No. 1.) On August 15, 2025, the action was transferred to this Court. (ECF No. 3.)

For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP and **DISMISSES with leave to amend** her complaint.

I.    MOTION FOR LEAVE TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914. Under 28 U.S.C. § 1915, a litigant who because of indigency is unable to pay the required fee or security to commence a legal action may petition the court to proceed without making such payment. To satisfy the requirements of 28 U.S.C. § 1915, "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (citation modified).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements for indigency pursuant to 28 U.S.C. § 1915. Here, Plaintiff has no assets. (ECF No. 2.) Further, she takes care of dependents and receives no child support. (*Id.*) Under these circumstances, the Court finds that requiring Plaintiff to pay the filing fee would impair her ability to obtain the necessities of life.

Thus, the Court **GRANTS** Plaintiff's request to proceed IFP. (ECF No. 2.)

## II. SCREENING UNDER 28 U.S.C. § 1915

Under 28 U.S.C. § 1915(e)(2)(B), courts must sua sponte dismiss IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's complaint names several Defendants: (1) the United States Department of Health and Human Services (doing business as San Diego County Health and Human Services); (2) the County of San Diego; as well as (3) Kimberly Giardina (the San Diego HHS Director) and Julia Ramzi (a Social Worker). (ECF No. 1.) Plaintiff appears to raise several causes of action, including 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). (*Id.*) For relief, Plaintiff seeks damages, specifically: 25 million dollars, punitive damages, damages under California's Unruh Act, any damages awarded by a jury, and underpayment in all federal or state benefits. (*Id.*) She lists the following injuries in her complaint: lost wages, emotional distress, loss of quality of life, inconvenience, medical expenses, and loss of property. (*Id.*)

The complaint does not explicitly assert a basis for the Court's jurisdiction. (*Id.*) Nevertheless, by alleging that Defendants violated her rights under 42 U.S.C. § 1983, Plaintiff in substance alleges federal question jurisdiction. 18 U.S.C. § 1331. The Court now analyzes each cause of action.

### A. Section 1983

Plaintiff's complaint alleges violations of the First, Eighth, and Fourteenth Amendments under 42 U.S.C. § 1983. For each Defendant, the Court addresses whether

Plaintiff can bring suit and seek relief. To the extent Plaintiff may seek relief, the Court addresses whether Plaintiff has stated a claim for relief.

First, to the extent Plaintiff seeks to sue the United States Department of Health and Human Services (doing business as San Diego County Health and Human Services), her complaint fails because federal agencies cannot be sued under 42 U.S.C. § 1983. *See Cabrera v. Martin*, 973 F.2d 735, 743 (9th Cir. 1992). Accordingly, Plaintiff's § 1983 claim against Defendant United States Department of Health and Human Services shall be dismissed without leave to amend.

Second, to the extent Plaintiff names the County of San Diego as a Defendant, a county can only be held liable under § 1983 when a custom or policy gives rise to a constitutional deprivation. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978). But a county cannot be sued under a theory of *respondeat superior* liability, for example "a municipality cannot be held liable solely because it employs a tortfeasor." *Id.* at 691. Moreover, a county can be held liable when a failure to train or supervise amounts to deliberate indifference of an individual's rights. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 389–90 (1989). Here, Plaintiff has not pointed to a formal policy or longstanding custom that caused her alleged constitutional injuries. Nor has Plaintiff pointed to a failure to train or supervise. Accordingly, Plaintiff's § 1983 claim against Defendant County of San Diego shall be dismissed with leave to amend.

Third, Plaintiff seeks to sue San Diego County Health and Human Services Director Kimberly Giardina and Social Worker Julia Ramzi under § 1983 seemingly in their official and personal capacities for damages. But one cannot sue a state official in her official capacity for damages; instead, relief is limited to injunctive relief. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Here, Plaintiff does not seek injunctive relief. Thus, claims for damages against Defendants Giardina and Ramzi in their official capacity are dismissed with leave to amend to seek claims for injunctive relief.

Nevertheless, one can sue a state official in her personal capacity for damages. *See Hafer v. Melo*, 502 U.S. 21, 27 (1991). To state a claim under § 1983, a plaintiff must allege

- 4 -

25cv2100

two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Therefore, the Court next addresses whether Plaintiff sufficiently alleges violations of her First, Eighth, and Fourteenth Amendment rights.

<u>First Amendment</u>: Plaintiff states that when she "filed [her] state and federal ADA/civil rights complaint" Defendants "retaliated by excluding [her] from family visitation, preservation, cash, food, [and] medical benefits." (ECF No. 1.) The First Amendment states that the government "shall make no law […] abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. The Court understands Plaintiff to allege a First Amendment retaliation claim. To prevail on a First Amendment retaliation claim, a plaintiff must allege that "(1) he was engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *See Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1053 (9th Cir. 2019) (citation modified). Here, Plaintiff fails to provide any further factual content sufficient to plausibly meet these pleading requirements.

<u>Eighth Amendment</u>: Plaintiff has not made any allegations regarding cruel and unusual punishment under the Eighth Amendment. The Eighth Amendment states that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Court knows of no court applying the Eighth Amendment outside of the prison context to facts similar to Plaintiff's situation. *See, e.g.*, *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989) (stating the Eighth Amendment's prohibition of "cruel and unusual punishments" applies "after conviction and sentence").

<u>Fourteenth Amendment</u>: Plaintiff states that "Defendants deprive me of my parental rights, food, clothing, housing, medical treatment." (ECF No. 1.) The Fourteenth Amendment provides that the State shall not "deprive any person of life, liberty or property, without due process of the law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Court assumes that Plaintiff alleges a due process claim.[1] To establish a due process claim, a plaintiff must show government deprivation of life, liberty, or property. *See The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972). Even if Plaintiff does have a valid property interest in state or federal benefits, Plaintiff does not explain what process she received before being deprived of her property. "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Carey v. Piphus*, 435 U.S. 247, 259 (1978).

In conclusion, the Court finds that Plaintiff has not stated cognizable § 1983 claims against Defendants Giardina and Ramzi in their personal capacities. Accordingly, the Court dismisses the complaint with leave to amend.

**B.   ADA**

Plaintiff states that she has a "congenital disability" for which she has provided "medical documentation to Defendants." (ECF No. 1.) She further alleges that Defendants are "acting in concert to deny [her] public and ADA accommodations and to exclude [her] from full participation and equal access to federally assisted programs." (*Id.*) The Court assumes Plaintiff's claim falls under Title II of the ADA, which states: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefit of services, programs, or activities of a public

---

[1] Plaintiff seemingly does not claim that she was being discriminated against because of her membership in a protected group or class; in other words, she does not raise an Equal Protection argument under the Fourteenth Amendment. Plaintiff further raises the issue of her parental rights and family visitation. To the extent Plaintiff challenges a state court determination regarding child custody, the district court tends to abstain from interference with the state court judgment given the domestic relations exception to federal jurisdiction. *See, e.g.*, *Bailey v. MacFarland*, 5 F.4th 1092 (9th Cir. 2021).

entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Court addresses the standard for a Title II ADA claim and then discusses from whom Plaintiff may seek relief.

To state an ADA Title II claim for disability discrimination, the plaintiff must allege: "(1) the plaintiff is an individual with a disability, (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities, (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity, and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). Here, Plaintiff has not alleged sufficient facts about her disability, what benefit she believes she is qualified to receive, nor how she has allegedly faced discrimination.

Plaintiff may seek damages under the ADA from the county, but she cannot sue individuals for damages. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001). Moreover, to recover damages, a plaintiff must allege that the defendant intentionally discriminated against her. *See id.* at 1138–39. One can establish intentional discrimination through deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that . . . likelihood." *Id.* at 1139. Here, Plaintiff has not alleged any facts to plausibly suggest deliberate indifference or intentional discrimination to warrant damages. Therefore, Plaintiff's ADA claim is dismissed with leave to amend.

### C. Other Statutory Claims

Plaintiff mentions the "UCCJEA" (assumedly the Uniform Child Custody Jurisdiction and Enforcement Act) and the "ICWA" (assumedly the Indian Child Welfare Act) as causes of action. Plaintiff provides no supporting allegations for these grounds of relief for the Court to assess. Thus, the Court dismisses these claims with leave to amend.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to proceed in forma pauperis. (ECF No. 2.) The Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim and **GRANTS** Plaintiff leave to amend. In short, Plaintiff must amend her complaint because she either cannot sue certain Defendants, or she did not sufficiently allege claims against certain Defendants. Plaintiff has leave to provide additional facts and specify which claims are asserted against which Defendants. **Plaintiff must file her amended complaint on or before December 8, 2025**. This amended complaint should be complete in itself. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). **Plaintiff is warned that a failure to file a first amended complaint by December 8, 2025, will result in the Court dismissing this action without prejudice.**

IT IS SO ORDERED.

DATED: October 9, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court